UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2015 AUG -5 PM 2: 43

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CHRISTOPHER SHAWN ROOKS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: |
| ) | 1:15-cv-00079-SEB-DML |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| Defendants. ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE
TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT; AND PLAINTIFF'S
REQUEST FOR SUMMARY JUDGMENT

COMES NOW, CHRISTOPHER SHAWN ROOKS, Plaintiff Pro se, pursuant to the Federal Rules of Civil Procedure Rules 15(a)(3); 56(a),(c)(1)(A); and S.D. Ind. L.R. 56-1(a), respectfully moves this Honorable Court for an **Order** denying Defendant's Motion for Leave to File an Amended Answer and Affirmative Defenses to Plaintiff's Complaint; and Plaintiff respectfully request that this Court issue an **Order** granting Summary Judgment in favor of the Plaintiff, as there is no genuine dispute as to any material fact and the Plaintiff is entitled to judgment as a matter of law. In support of his motion the Plaintiff

sets forth the following:

## I. PROCEDURAL HISTORY:

1. On January 20, 2015, plaintiff filed a complaint against the United States...Federal Bureau of Prisons ("BOP") employees for negligence.

2. The United States by and through its attorney's, Josh J. Minkler, USA, and Gina M. Venturelli-Shields, AUSA, filed its answer and affirmative defenses to plaintiff's complaint (the "answer") on April 6, 2015.

3. On April 20, 2015, the plaintiff filed his response avering defendant's affirmative defenses.

4. Since that time, more than Ninety (90) days had elapsed and the United States had not served an answer to plaintiff's crossclaim filed on April 20, 2015. Thus, procedurally barring the United States, pursuant to Fed. R. Civ. P. 12(B)(2), from further filing such motion for leave to file an amended answer and affirmative defenses to plaintiff's complaint. Moreover, this court should deny defendant's motion for leave to file further amended answers and affirmative defenses to plaintiff's complaint, because, pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent (**which consent has not been given by the plaintiff**) or the courts leave.

## II. FACTS:

5. The United States in paragraph 7 on page 9 of **Defendant's Affirmative Defenses** wishes to reserve the right to assert such other

affirmative or additional defenses as may become known during the course of this litigation. However, plaintiff believes this legal strategy and scheme is being utilized only to cause further delay in the proceedings and therefore, plaintiff seeks summary judgment on the issue as there is no genuine dispute as to any material fact and the plaintiff is entitled to judgment as a matter of law.

## "STATEMENT OF MATERIAL FACTS NOT IN DISPUTE"

6. The United States in its answer and affirmative defenses to plaintiff's complaint has denied all of plaintiff's truths with the exception of admitting to paragraph 5 on page 3; paragraph 6 on page 4, admitted in part and denied in part; paragraph 7 on page 5, admitted in part and denied in part; paragraph 8 on page 5-6, admitted in part and denied in part; and paragraph 10 on page 7, admitted in part and denied in part. Plaintiff seeks summary judgment as to defendant's answer on page 3, where the United States admits that, "for safety concerns and to control and limit the flow of inmates, certain units and sides participate in recreation or go to the dining hall separate from one another." Plaintiff also seeks summary judgment as to defendant's answer on page 4, where the United States admits that, "for safety concerns and to control and limit the flow of inmates, certain units are permitted in the dining hall at certain times and then escorted back to their respective hosing units by Bureau of Prison ("BOP") employees. Plaintiff further seeks summary judgment as to defendant's answer on page 5, where the United States admits that, "BOP employees escorting, or overseeing the movement of, inmates on the morning of January 8, 2014, were acting within the scope of their employment."

7. These are facts that cannot be genuinely disputed and had Bureau of Prison employees not failed in performing their duties as to the above security concerns and procedures on the morning of January 8, 2014, Rooks would not have been attacked in the Southside corridor, and he would not have suffered any injury as a result thereof, but because Bureau staff were not paying attention and was not fully alert and attentive to duty (the safety and security of inmates) during duty hours, Rooks, did in fact, sustain this injury. Therefore, Bureau staff were in fact, negligent on the date in question for allowing an inmate who was suppose to be in his housing unit gain access to a corridor where he didn't belong at that time. Furthermore, it is Bureau staff who posses the keys that unlocks doors, not the inmates. Rooks was not in an unauthorized area, he wasn't out of bounds in another housing unit, nor was he on the northside of this facility. Thus, Rooks cannot be the proximate cause of his own injury, nor a contributor to such injury when he was abiding by all institutional rules on January 8, 2014.

8. In **Defendant's Affirmative Defenses**, in paragraph 5 on page 9 the United States states that, "Rooks' negligence was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery or, alternatively, mandating that any recovery by proportionately reduced." However, the United States fails to specify or state exactly how Rooks was negligent or how his negligence was the proximate cause of and contributed to his own injuries or damage and to what extent or amount Rooks' recovery should be proportionately reduced to. Moreover, Rooks was not found to have been guilty of violating any Bureau policy on January 8, 2014. The statement made on behalf of the United States in paragraph 5 on page 9 is both preposterous and unreasonable to even suggest after reviewing the facts and evidence

in this case. See U.S. Department of Justice Federal Bureau of Prisons Program Statement...P.S. 3420.11, Standard of Employee Conduct sub sec. 6 **Responsiveness**. Therefore, there is no genuine dispute as to any material fact and the plaintiff is entitled to summary judgment on the issue as a matter of law.

9. The United States in its amended version of the affirmative defenses in paragraph 6 on page 9, states that, "Rooks' claims are barred to the extent that they are based on the exercise or performance, or failure to exercise or perform, a discretionary function or duty. 28 U.S.C. § 2680(a). However, the Federal Tort Claim Act renders the United States liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The act gives Federal District Courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his/her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Rooks was being held on government property, and the warden of that facility at the time of Rooks' injury was acting custodian over Rooks' person, and therefore, liable to Rooks, if, due to the negligent acts or omissions of his employees Rooks' (**person**) is injured or damaged by another, as a result of no wrong doing of Rooks. See **Erie Railroad v. Tompkins**, 304 U.S. 64-92 (1938). Unless there is no binding contract or agreement between some other Government entity, the Federal Bureau of Prisons, or Rooks, to confine and wharehouse him at that location, 4700 Bureau Road South, Terre Haute, Indiana, 47802, then

the United States is liable to Rooks for the injury and damage he sustained and must be more than willing to compensate him. See also, 28 U.S.C. §§§§ 1346(b)(1); 2679(b)(1); 2672; 2675; and § 2674, **Liability of the United States.** Plaintiff seeks summary judgment as to the above issue as he believes there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.

## CONCLUSION:

### Legal Standard

Summary judgment is deemed proper pursuant to Fed. R. Civ. P. 56(c) where the pleadings, depositions, and affidavits show that "there is no genuine issue of matterial fact" and the moving party is entitled to judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

Where the moving party seeks summary judgment on an issue for which he does not bear the burden of persuasion at trial, he meets his initial burden by showing that "there is an absense of evidence to support the nonmoving party's case." Id. at 325. The Court must consider the nonmoving party's response to determine whether it would be sufficient to carry the burden of proof at trial. **Id.** at 322-323. Summary judgment is appropriate if there is a failure of proof concerning an essential element of the nonmoving party's case. **Id.**

WHEREFORE, and for the above reasons, plaintiff, respectfully request that this Honorable Court grant his motion for Summary Judgment and deny Defendant's motion for leave to file the proposed Amended Answer and Affirmative

Defenses to Plaintiff's complaint, and all other just and proper compensation or relief requested in his original complaint.

      I declare under penalty of perjury that the foregoing is in fact, true, correct, complete and certain. And that my signature is signed in accord with Title 28 U.S.C. § 1746. Executed on this 30th day of July 20 15.

Respectfull,

_____
Signature of the Plaintiff

## CERTIFICATE OF SERVICE

I, CHRISTOPHER SHAWN ROOKS, do hereby certify and swear that an accurate copy of the foregoing motion (**Plaintiff's Response to Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses to Plaintiff's Complaint**; and **Plaintiff's Request for Summary Judgment**) a total of Seven (7) pages not including this certificate of service, was placed in the internal mailing system at the United States Penitentiary (**USP Pollock**) located in Pollock, Louisiana [71467], postage pre-paid via Certified Mail Number: 70133020000214589009, and that the same was mailed to the following party below:

>Office of the United States Attorney
>c/o Josh J. Minkler, USA, and
>Gina M. Shields, AUSA, for the
>Southern District of Indiana
>10 West Market Street, Suite #2100
>Indianapolis, Indiana 46204

I, declare under penalty of perjury that the foregoing is true, correct, and complete. And that my signature is signed in accord with Title 28 U.S.C. § 1746. So Executed on this 30th day of July, 2015.

Respectfully,

*/s/ C. Rooks*
CHRISTOPHER SHAWN ROOKS

Page 1 of 1